UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| LIVE NATION WORLDWIDE, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Case No. 3:17-cv-216-CRS |
| SECURA INSURANCE; CITY SECURITIES INSURANCE, LLC; and ESG SECURITY, INC., | ) |
| Defendants. | ) |

## COMPLAINT

The Plaintiff, Live Nation Worldwide, Inc. ("Live Nation"), for its complaint against Secura Insurance ("Secura"); City Securities Insurance, LLC ("City Securities"); and ESG Security, Inc. ("ESG"), states:

**PARTIES, JURISDICTION AND VENUE**

1. Live Nation is a company that offers live music and event management services. It is a Delaware corporation, with its principal place of business located a 9348 Civic Center Drive, Beverly Hills, California. One of the venues Live Nation operates is the Louisville Palace, which is located at 625 S. 4th Street, Louisville, Kentucky.

2. Secura is a mutual insurance company formed under the laws of the State of Wisconsin, with its principal office located at 2401 South Memorial Drive, Appleton, Wisconsin 54912-0819. Its registered agent for service of process is Capitol Corporate Services, Inc., 828 Lane Allen Road, Suite 219, Lexington, Kentucky 40504.

3. City Securities Insurance, LLC, is an Indiana limited liability company owned by an Indiana resident with its principal place of business located at 30 South Meridian Street, Suite 600, Indianapolis, Indiana 46204-0992. It is not registered to do business in the Commonwealth of Kentucky. Its registered agent for service of process is Richard C. Boyles, 30 South Meridian Street, Suite 600, Indianapolis, Indiana 46204-0992.

4. ESG is an Indiana corporation with its principal office located at 1060 North Capitol Avenue, Suite E-210, Indianapolis, Indiana 46204. Its registered agent for service of process is SKO-Louisville Services, LLC, 2000 PNC Plaza, 500 West Jefferson Street, Louisville, Kentucky 40202.

5. Jurisdiction before this Court is proper because the dispute is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. Venue before this Court is proper because a substantial part of the events or omissions giving rise to this action occurred in this district.

**FACTUAL BACKGROUND**

6. Live Nation operates the Louisville Palace. In conjunction with operating the Louisville Palace, Live Nation contracted with ESG Security to provide security services for events being held at the Louisville Palace. A copy of the Vendor Services Agreement between Live Nation and ESG is in ESG's possession and is confidential. Live Nation will file the Vendor Services Agreement upon entry of a protective order allowing it to do so.

7. Pursuant to the terms of the Vendor Services Agreement, ESG Security agreed, among other things, that it would maintain identified insurance coverages, including Commercial General Liability Insurance, which are set forth in Section 3(A) of the Vendor Services Agreement, and that:

> The policies in 3(A) shall be endorsed to name Live Nation Worldwide, Inc., and each of its parents, partners, affiliates, subsidiaries, landlords, successors, and assigns (collectively, the "LN Parties") as Additional Insureds as respect to the operations of the named insured, its agents, employees, representatives and contractors. Further, coverage naming the Additional Insureds shall be on a contractual liability basis irrespective of any other insurance, whether collectible or not, only to the extent of Vendor's liability as described in this Agreement. Upon execution of this Agreement and when insurance coverages are renewed, Vendor shall provide LN Certificates of Insurance evidencing the aforementioned required endorsements.

8. ESG Security placed its insurance for the applicable policy period through City Securities.

9. City Securities placed the coverage with Secura.

10. ESG secured a certificate of insurance that identified the Louisville Palace (a Live Nation subsidiary) as an additional insured. A copy of the Certificate of Insurance is attached hereto as **Exhibit A**.

11. On or about December 9, 2013, Live Nation was sued in the Jefferson Circuit Court of the Commonwealth of Kentucky in an action styled *James Mark Hays, et al., v. Live Nation Worldwide, Inc., et al.*, Jefferson Circuit Court, Action No. 13CI06424 ("Hays Action"). A copy of the Complaint is attached hereto as **Exhibit B**. The Hays Action arises from alleged injuries resulting from a claim that an altercation occurred during a concert at the Louisville Palace. ESG was performing security services pursuant to the terms of the Vendor Services Agreement during the concert and was also named as a defendant in the action.

12. Live Nation notified Secura and requested defense and coverage for the claims set forth in the Hays Action.

13. Despite repeated requests, Secura had declined to provide Live Nation an unqualified defense and indemnity in the action. Secura asserts that the policy it provided was excess to Live Nation's insurance. Secura is wrong in two respects. First, its policy is primary

because the Vendor Services Agreement imposed a contractual requirement that Live Nation be named as an additional insured. Second, contrary to Secura's assertion, Live Nation is not insured for the events arising from the claim because it has a retention level of $1 million under its policy.

14. In the alternative, if Secura is correct in its assertion, then ESG breached the Vendor Services Agreement by failing to obtain a policy that included Live Nation as an additional insured. Further, to the extent City Securities failed to place the proper coverage on Live Nation's behalf, it is liable for its negligence and Secura is liable for the negligence of its agent, City Securities.

## CAUSES OF ACTION

### COUNT I
### DECLARATORY JUDGMENT

15. Live Nation adopts by reference the paragraphs set forth above.

16. Pursuant to 28 U.S.C. § 2201, Live Nation and Secura have a dispute that has resulted in an actual controversy as to whether Secura owes Live Nation a duty to defend and indemnify Live Nation in the Hays Action.

17. Pursuant to the terms of Secura's policy, Live Nation is an additional insured and, as such, is entitled to a defense and indemnity for all claims asserted in the Hays Action.

18. As a result, the Court should enter a declaratory judgment declaring that Secura owes Live Nation a defense and indemnity under the policy naming Live Nation as an additional insured.

### COUNT II
### BAD FAITH

19. Live Nation adopts by reference the paragraphs set forth above.

20. Live Nation is an additional insured under Secura's policy issued to ESG Security. As a result, Secura owes to Live Nation the same duty to defend and indemnify Live Nation that it owes to ESG Security.

4

21. Further, as an insured under the Secura policy, Secura owes Live Nation a duty to defend and a duty to indemnify it under the policy it issued to ESG Security because the events and conduct alleged in the Hays Action are covered by the policy.

22. Secura has wrongfully and in bad faith refused to defend Live Nation and refused to indemnify it.

23. Secura has acted intentionally, willfully and in reckless disregard of Live Nation's rights.

24. As a result, Live Nation is entitled to judgment against Secura for its bad faith, which includes an award of compensatory damages and punitive damages in the maximum amount authorized by law.

## COUNT III
## BREACH OF CONTRACT

25. Live Nation adopts by reference the paragraphs set forth above.

26. ESG had an obligation to secure an insurance policy naming Live Nation as an additional insured pursuant to the terms of the Vendor Services Agreement.

27. To the extent ESG failed to obtain an insurance policy that named Live Nation as an additional insured providing coverage to the same extent it provides coverage to ESG, as Secura has asserted, ESG breached the Vendor Services Agreement.

28. Live Nation has been damaged by ESG's breach of the Vendor Services Agreement and is entitled to judgment against ESG resulting from its breach.

## COUNT IV
## NEGLIGENCE

29. Live Nation adopts by reference the paragraphs set forth above.

30. ESG retained City Securities to place insurance with Secura on its behalf. This included requesting City Securities to ensure Live Nation was included as an additional insured on the policy.

31. As such, City Securities owed Live Nation, independently, and as a third party beneficiary, a duty to properly place insurance that satisfied ESG Security's obligations under the Vendor Services Agreement by ensuring that Live Nation was an additional insured to the full extent of required coverage.

32. City Securities breached its duty to Live Nation by failing to place coverage that ensured that Live Nation was an additional insured under the Secura policy.

33. Live Nation has been damaged as a result of City Securities' breach of its duty owed to Live Nation.

34. As a result, Live Nation is entitled to judgment against City Securities in the maximum amount proven at trial.

35. Further, Secura is responsible for the negligence of its agent, City Securities, and should be estopped from denying Live Nation a defense and indemnity or otherwise should be held liable for Live Nation's damages resulting from City Securities' negligence.

WHEREFORE, Live Nation respectfully requests that the Court:

A. Enter judgment declaring that Secura owes Live Nation a defense and indemnity in the Hays Action;

B. Enter judgment against Secura for bad faith, including an award of compensatory and punitive damages in the maximum amount allowed by law;

C. In the alternative, enter judgment against ESG Security for its breach of the Vendor Services Agreement;

D. In the alternative, enter judgment against City Securities resulting from its breach of the duty it owed to Live Nation;

E. Award Live Nation its attorneys' fees and costs incurred in this action;

F. Award pre-judgment and post-judgment interest in the maximum amount allowed by law;

G. Grant a jury trial on all issues so triable; and

H. Award Live Nation any and all other relief to which it appears entitled.

DATED this 7th day of April, 2017.

Respectfully submitted,

*s/Russell B. Morgan*
Russell B. Morgan (KY Bar No. 85355)
BRADLEY ARANT BOULT CUMMINGS LLP)
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, Tennessee 37203
(615) 252-2311
rmorgan@bradley.com

*Attorneys for Plaintiff*