UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| LIVE NATION WORLDWIDE, INC., ) <br> ) <br>       **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> SECURA INSURANCE; CITY ) <br> SECURITIES INSURANCE, LLC; and ) <br> ESG SECURITY, ) <br> ) <br>       **Defendants.** ) | Case No. 3:17-cv-00216-CRS |

**PLAINTIFF'S MOTION TO COMPEL ESG SECURITY'S RESPONSES
TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiff Live Nation Worldwide, Inc. ("Live Nation") hereby submits this Motion to Compel ESG Security's Responses to Live Nation's Interrogatories and Requests for Production of Documents.

### I.    INTRODUCTION

Live Nation seeks to compel ESG Security's responses to its interrogatories and requests for production of documents delivered on June 5, 2017.  In compliance with the Federal Rules of Civil Procedure, Live Nation delivered to ESG Security interrogatories and requests for production of documents prior to the Rule 26(f) conference.  Thirty days after the conference, however, ESG Security failed to respond to Live Nation's discovery.  ESG Security has no pending motion for protective order nor has it provided any reasonable basis for failing to respond to Live Nation's discovery.  Therefore, Live Nation requests that the Court compel ESG Security's responses to Live Nation's discovery and award Live Nation reasonable expenses for filing a motion to compel.

## II.     BACKGROUND

Live Nation operates the Louisville Palace. In conjunction with operating the Louisville Palace, Live Nation contracted with ESG Security to provide security services for events at the Louisville Palace. [Compl., R. 1 at PageID #2]. The contract between Live Nation and ESG Security (the "Vendor Services Agreement") required ESG Security to maintain insurance coverage, including Commercial General Liability Insurance, for Live Nation as an additional insured. [*Id*. at PageID #2–3]. ESG Security placed its insurance for the applicable policy period through City Securities. [*Id*. at PageID #3]. City Securities placed the coverage with Secura. [*Id*.]

In December 2013, following an incident at Louisville Palace, James Hays and Sherry Pate sued Live Nation and ESG Security in the Jefferson Circuit Court. *See James Mark Hays, et al., v. Live Nation Worldwide, Inc., et al.*, 13CI06424 (Jefferson Cir. Ct.). The *Hays* action arises from alleged injuries as a result of an altercation during a concert at the Louisville Palace. [Compl., R. 1 at PageID #3]. ESG Security was performing security services pursuant to the terms of the Vendor Services Agreement. [*Id*.].

On April 7, 2017, Live Nation filed a complaint in this Court asserting multiple claims against multiple parties, including ESG Security. In particular, Live Nation contends, based on the arguments made by Secura in denying Live Nation complete defense and indemnification, that ESG Security breached the Vendor Services Agreement by failing to obtain primary coverage for Live Nation under a commercial General Liability Insurance policy. [*Id*. at PageID #5]. On June 5, 2017, Live Nation delivered to ESG Security interrogatories and requests for production of documents. Pursuant to the Federal Rules of Civil Procedure, the parties conducted a Rule 26(f) conference on July 13, 2017. ESG Security has neither responded to Live Nation's discovery requests nor filed a motion for protective order.

Counsel for Live Nation and ESG Security have conferred in good faith prior to Live Nation's motion to compel. The parties were unable to reach a resolution. Live Nation's counsel's discovery certification is attached to this Motion as **Exhibit A**.

### III.     ARGUMENT

Rule 37(a)(1) of the Federal Rules of Civil Procedure provides, in relevant part, that "a party may move for an order compelling disclosure or discovery" after "the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Specifically, a party "may move for an order compelling an answer . . . [or] production" if a party "fails to answer an interrogatory submitted under Rule 33 or a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). Rule 37(a)(5) further provides that, if the Court grants a motion to compel discovery responses, "the [C]ourt must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5).

Pursuant to Federal Rule of Civil Procedure 26, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). A party may however serve requests under Rule 34, "[m]ore than 21 days after the summons and complaint are served on a party," and those requests are "considered to have been served at the first Rule 26(f) conference." Fed. R. Civ. P. 26(d)(2). Rule 34 requests for production of documents are due thirty days after service. Fed. R. Civ. P. 34(b)(2)(A). Interrogatories are likewise due thirty days after service. Fed. R. Civ. P. 33(b)(2).

Here, Live Nation delivered discovery to ESG Security on June 5, 2017. This was more than twenty-one days after service of Live Nation's complaint. The parties conducted the first Rule 26(f) conference on July 13, 2017. Under Rule 26(d)(2), the requests for production of documents were considered served on the date of the Rule 26(f) conference. ESG Security's responses were due on Monday, August 14, 2017. They have failed to timely respond.

To the extent ESG Security wishes to rely on Secura's motion to bifurcate and stay discovery, this is improper. First, Secura's motion for protective order specifically sought to "stay discovery on the bad faith claims until final disposition of Live Nation's coverage claim." [Motion for Protective Order, R. 23 at PageID #130]. Secura does not argue on behalf of ESG Security that discovery on the breach of contract claim should be stayed. Second, there is no basis in the Federal Rules of Civil Procedure for ESG Security to rely on another party's motion for protective order.

In any event, Live Nation has not sought discovery from ESG Security prior to the Rule 26(f) conference. Although Live Nation delivered discovery prior to that time, it had no intention of compelling discovery until thirty days after the conference. Had ESG Security objected to delivery of discovery prior to the Rule 26(f) conference, Live Nation would have provided the same explanation. But ESG Security neither objected to the discovery at that time nor filed a protective order. In fact, ESG Security first made clear that it refused to respond to discovery after Live Nation contacted counsel for ESG Security about the outstanding discovery.

For those reasons, Live Nation requests that the Court award it reasonable expenses, including attorney's fees, under Rule 37(a)(5), and compel ESG Security's responses to Live Nation's requests for production of documents.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Live Nation requests that the Court grant its motion to compel ESG Security's discovery responses.

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP


 */s/ Brian R. Epling*
Russell B. Morgan (KY Bar No. 85355)
Brian R. Epling (KY Bar No. 95539)
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, Tennessee  37203
(615) 252-2311
rmorgan@bradley.com
bepling@bradley.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 29th day of August, 2017, a copy of the foregoing was served via the Court's ECF system, which will send electronic notice to the following:

| | |
|---|---|
| Peter J. Sewell | Diane M. Laughlin |
| Thomas N. Peters | BLACKBURN DOMENE & |
| SEWELL & NEAL, PLC | BURCHETT, PLLC |
| 220 West Main Street, Suite 1800 | 614 West Main Street, Suite 3000 |
| Louisville, KY  40202 | Louisville, KY  40202 |
| psewell@sonlegal.com | dlaughlin@bdblawky.com |
| tpeters@sonlegal.com | *Counsel for City Securities* |
| *Counsel for Secura Insurance* | *Insurance, LLC* |

Ashley K. Brown
J. Tucker Willis
WARD, HOCKER & THORNTON, PLLC
333 West Vine Street, Suite 1100
Lexington, KY  40507
abrown@whtlaw.com
tucker.willis@whtlaw.com
*Counsel for ESG Security, Inc.*

                */s/ Brian R. Epling*
                Brian R. Epling